HARRY B. HINE *v.* JOHN N. POMEROY AND OTHERS.

*Scire Facias.    Evidence.    Recognizance.    Receiptor.*

The custom of attorneys, in a certain place, to direct sheriffs as to whom they shall take as receiptors for property attached on writs made by them, is not admissible in evidence as having a tendency to show that an attorney of that place who commenced and conducted a certain suit, directed the sheriff serving the writ, whom to take as receiptors.

Sec. 73, ch. 30, Gen. Stat., construed literally as to time when the action therein provided, directly upon the recognizance of a sheriff, may be brought. The right of action being held to exist *whenever* the liability of the sheriff and inability to serve process upon him concur.

*Scire facias* on the defendant's recognizance as sureties for the faithful performance of the duties of sheriff of Chittenden county, by S. W. Taylor, late sheriff, alleging, as a breach of official duty on the part of Taylor, his neglect to keep certain goods, attached by him on the 3d February, 1851, on a writ of attachment in favor of the present plaintiff against one James Nichols.

Trial by jury, April Term, 1867, PIERPOINT, CH. J., presiding, on the issues joined on the defendant's first and second pleas which allege in substance that the property so attached was, on the day of the attachment, by the express direction of L. E. Chittenden, attorney for the plaintiff in the suit against Nichols, bailed by the said Taylor to the said Nichols and one Macomber, and that Taylor was guilty of no negligence in respect to the property attached. Verdict for the plaintiff.

The testimony on the part of the defendants tended to show that such direction was given by Chittenden to Taylor, and that Taylor had been guilty of no default or negligence in respect to the attachment or keeping of the property. The plaintiff's testimony tended to show the contrary. Taylor was introduced as a witness for the defendants and testified in chief that he received the writ, Hine *v.* Nichols, of Chittenden, who at the same time directed Taylor to accept the receipt of Nichols and Macomber, if offered, for the property which Taylor should return as attached on said writ; that in

accordance with said direction he did accept such receipt and omit to remove the property attached; that he kept said receipt in his possession until after final judgment for the plaintiff in the suit, Hine *v.* Nichols, when, having seasonably demanded the property of the receiptors, he, on the 6th day of March, 1855, or within a day or two of that time, delivered said receipt to Mr. Chittenden.

Mr. Chittenden had testified for the plaintiff without objection that he did not give the instructions to Taylor as testified to by him; that he was at the time of the delivery of said writ, and for some years before had been, a lawyer doing a large business at Burlington; that he knew the legal effect of giving such instructions, and that it then was and had been his uniform habit and course of business, as an attorney, in cases where his client was accessible, not to give officers such instructions.

The defendants offered testimony to show that it was the practice among attorneys of Burlington other than Mr. Chittenden, at the time of the service of the writ, Hine *v.* Nichols, to give instructions to officers to whom writs were delivered for service, respecting whom they should accept as receiptors for property attached. This was objected to by the plaintiff and excluded by the court. Evidence as to Mr. Chittenden's practice in this respect was not objected to or excluded, but was introduced by the defendants.

After verdict and before judgment, the defendants moved in arrest of judgment on account of the insufficiency of the declaration, which motion was, *pro forma*, overruled, and judgment was rendered for the plaintiff on the verdict. The sufficiency of the declaration depended upon the construction given to sec. 73, ch. 30, Gen. Stat.

To the aforesaid rulings and decisions of the court, the defendants duly excepted.

*Hard & Shaw*, for the defendants.

1. The testimony offered by the defendants to show the practice of attorneys in Burlington relative to directing officers about taking receiptors, should have been admitted. The question at issue was: Did Chittenden instruct Taylor to take the receipt of Nichols and Macomber for the property which Taylor should return as attached?

And upon this question the testimony was conflicting and nearly balanced. The transaction out of which the question involved in the present case arose, was not of a kind that the jury could be presumed to be acquainted with, either from experience or observation, and consequently without the aid of the testimony which was excluded, their facilities for judging of the probable accuracy or inaccuracy of the testimony on either side, were exceedingly defective. The testimony, therefore, should have been admitted, as tending to render it probable that the testimony on the part of the defendants was true.

2. The motion in arrest of judgment should have been sustained. The sufficiency of the declaration depends wholly upon the interpretation of sec. 73, ch. 30, Gen. Stat.

A literal construction of this section would undoubtedly make it applicable to the case stated in the declaration, and entitle the plaintiff to a judgment. But we insist that, taking into consideration the history of the legislation upon this subject, the object and purpose for which this section was inserted, and the consequences which must result from an interpretation based exclusively upon the language used, the section in question should be construed the same as if it read: whenever at the time a cause of action shall accrue to any person by reason of the negligence, &c., of any sheriff, service of process cannot be made upon such sheriff by reason of his having removed from the state, leaving no known attachable property therein, an action of debt or *scire facias* may be brought by the party entitled thereto, directly upon the recognizance of such sheriff and his sureties, without first bringing suit against such sheriff; and should not be construed to apply to any case where the party suing has had a reasonable opportunity, after his right of action accrued, to make service upon the sheriff.

Although in construing statutes, attention must first be given to the words used, the intention of the legislature, when ascertained, must prevail, though it differ from that indicated by the letter of the statute. *Ryegate* v. *Wardsboro*, 30 Vt. 746 ; *Dutton* v. *Vt. Mutual Fire Ins. Co.*, 17 Vt. 369 ; *Catlin* v. *Hull*, 21 Vt. 152 ; *People* v. *Utica Ins. Co.*, 15 Johns. 357.

*Daniel Roberts, E. J. Phelps* and *J. French,* for the plaintiff,

The opinion of the court was delivered by

BARRETT, J.   Unless the evidence offered to show the practice among attorneys in Burlington tended to show that Chittenden gave such instructions in this case, it was not admissible either as sustaining the defence, or as corroborating Taylor, or as contradicting Chittenden as a witness.   It is to be noticed that the practice proposed to be proved was not limited to the particular class of cases like the present, nor was it proposed to be shown that the practice was uniform and general.

What was Chittenden's practice in this respect was made the subject of issue and evidence by the defendants, and so they had the benefit of the question, both as bearing on the main point in controversy, and upon Chittenden's credibility and reliableness.   That offer, therefore, excluded *his* practice.   The difficulty with it arises from the impossibility of seeing how any inference can be drawn from the proposed evidence, as to what instructions Chittenden, in fact, gave in this case.   There was no such relation of lawyers to each other, in respect to habits, and modes, and practice, in the details of professional service in matters of this kind, as to make what is true of some, the ground of an inference as to what is true of another; and so it would have no tendency to show what another did on a given occasion in a given case.   The distinction seems very plain between this case and those supposed in the argument, involving questions of contract for prices to be paid, or things to be done, the likelihood of which would be affected by market or customary value.

We think there was no error in excluding the evidence offered.

The next question is as to the construction to be given to the 73d section of chapter 30, General Statutes.   The language is, " *whenever* service of process cannot be made upon any person liable as sheriff, by reason of the removal of such person from the state, etc., an action of debt or *scire facias* may be brought by the party entitled thereto directly," &c.

It is claimed that, by construction, the court should limit the right to bring such action to cases in which the party should bring his action within *reasonable time* after the cause of action accrued.   We recognize and assent to the rules of construction established and

applied, as shown by the books.   But we fail to regard this case as one so falling within the scope of the rules and precedents cited, as to warrant the court in engrafting the limitation sought.

The language of the statute seems to have been carefully chosen and used.   The cases provided for were those in which there was an existing liability against a sheriff or high bailiff, and there is only one limitation in the section upon the right to the action therein provided, and that is the inability to make service on such sheriff or high bailiff, by reason of removal from the state.

*Whenever* such liability and inability to make service concur, then the party is entitled to the action provided.   " *Whenever* " is the word, and it covers all the time during which the liability of the sheriff should exist, and it looks directly to the act of making service of the process.   If at any time during the existence of such liability, process cannot be served, by reason of the removal of the sheriff, then the action against the sureties may be had.

The meaning is clear and explicit, and there is nothing in the chapter, or in other provisions of the law on this subject, that gives any just ground for supposing that the law makers intended differently from what the language imports.   This being so, it is the province of the legislature, and not of the court, to give effect to reasons and considerations in favor of the proposed limitation.

Without taking time in discussing other views presented against the efficacy of the motion in arrest, we think it was properly overruled.

The judgment is affirmed.